IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIRILO ALVAREZ CAMACHO, | : | CIVIL ACTION NO. **1:CV-15-0606** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Saporito) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

The Petitioner ("Camacho") an inmate at the Moshannon Valley Correctional Center, Phillipsburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 26, 2015. Camacho has not paid the $5.00 filing fee and has filed a motion for leave to proceed *in forma pauperis* (Doc. 4).

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2243 further provides that the "writ, or order to show cause shall be directed to the person having custody of the person detained." Thus, a § 2241 petition may be filed in the district court having territorial jurisdiction over the place where the petitioner is incarcerated or otherwise physically present in custody. Where a § 2241 petition is filed elsewhere, it may be and usually is transferred

to the district of actual custody under the doctrine of *forum non conveniens*. *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988). "Any issue as to the convenience of the forum can be resolved as a venue question, and the District Court has full power under 28 U.S.C. § 1404(a) to transfer the case to a more appropriate district, provided the suit could have been brought there in the first instance." *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962 (8th Cir. 1976), citing *Lee v. United States*, 501 F.2d 494, 501 (8th Cir. 1974).

In the instant proceeding, Camacho is incarcerated at the Moshannon Valley Correctional Center, Phillipsburg, Clearfield County, Pennsylvania, which is located in the Western District of Pennsylvania. Clearly, the petition could have been brought in that district. The Western District of Pennsylvania is the more appropriate forum.

Based on the foregoing, it is respectfully recommended that this petition be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) and that disposition of petitioner's motion for leave to proceed *in forma pauperis* (Doc. 4) be left to the discretion of the transferee court.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: April 3, 2015**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIRILO ALVAREZ CAMACHO, | : | CIVIL ACTION NO. **1:CV-15-0606** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Saporito) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 3, 2015.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

<u>*s/ JOSEPH F. SAPORITO, JR.*</u>
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: April 3, 2015**